UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MARIA ORTIZ<br><br>Plaintiff,<br><br>v.<br><br>REAL TIME STAFFING SERVICES, LLC<br><br>Defendant. | Case No.: |

**- COMPLAINT AND DEMAND FOR JURY TRIAL -**

Plaintiff MARIA ORTIZ by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, REAL TIME STAFFING SERVICES, LLC.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiff MARIA ORTIZ, (hereafter "Plaintiff") against her former employer, Defendant REAL TIME STAFFING SERVICES, LLC (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. During the term of Plaintiff's employment for Defendant, Plaintiff performed off the clock preparatory duties prior to her scheduled shift and, at times, worked though lunch but was not compensated accordingly.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law wage claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts and are so related to Plaintiff's FLSA claims, so as to constitute the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Pinellas County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

5. Plaintiff, MARIA ORTIZ, a resident of Hillsborough County, was a former employee of Defendant who worked at HIT PROMOTIONAL PRODUCTS through REAL TIME STAFFING SERVICES, LLC, a staffing agency.

6. REAL TIME STAFFING SERVICES, LLC placed the Plaintiff to work with Defendant HIT PROMOTIONAL PRODUCTS.

7. Defendant REAL TIME STAFFING SERVICES, LLC is a corporation organized and existing under and by virtue of the laws of Florida.

## COVERAGE

8. Defendant REAL TIME STAFFING SERVICES, LLC was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

9. Defendant REAL TIME STAFFING SERVICES, LLC engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards, wire transfers and checks from banks located outside the state of Florida, Defendant also hosts one or more websites viewed by potential customers across state lines, and send faxes, emails, and other communications across state lines.  Defendant engaged in advertising for full time positions and temporary positions in newspapers, websites, job posting sites, etc.

10. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

11. Defendant REAL TIME STAFFING SERVICES, LLC was an employer within the definition of the FLSA, 29 U.S.C. § 203.

12. During the term of her employment, Plaintiff MARIA ORTIZ was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

13. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

14. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

15. Plaintiff MARIA ORTIZ was employed by Defendant REAL TIME STAFFING SERVICES, LLC from February 12, 2017 to December 6, 2017.

16. Plaintiff held a Machine Operator position at the time of separation.

17. Plaintiff was an hourly employee.

18. Plaintiff's last hourly rate was $9.25 per hour.

19. During her employment with Defendant, Plaintiff was classified as non-exempt.

20. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

21. During the period covered by the employment, Plaintiff performed preparatory (off the clock) duties prior to her scheduled shift, for approximately 30 minutes, such as starting the oven setting up the work area, and opening boxes. Additionally, during the period covered by the employment, about once a week, Plaintiff worked though lunch but was not compensated accordingly.

22. During the period covered by the employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times her regular rate of pay.

23. Defendant was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

24. Defendant's actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

25. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

26. Plaintiff MARIA ORTIZ re-alleges and incorporates the allegations contained in Paragraphs 1 through 25 above.

27. Defendant failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

28. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) in a workweek.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgement interest, attorney's fees, and costs.

## COUNT II
## FLORIDA COMMON LAW UNPAID WAGES VIOLATION

30. Plaintiff MARIA ORTIZ re-alleges and incorporates the allegations contained in Paragraphs 1 through 25 above.

31. During the period of her employment, Plaintiff performed work for Defendant and Defendant agreed to compensate Plaintiff for all hours worked.

32. Defendant failed and refused to compensate Plaintiff all wages owed by requiring off the clock prepatory work and not compensating for time worked during lunch.

33. As a result of the foregoing, Plaintiff has suffered damages and has incurred in attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's unpaid wages pursuant to Florida Common Law;

f. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

g. Such further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial to the extent authorized by law.

Dated: March 26, 2018.                    Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com

s/ Luis Roberto Amadeo
Luis Roberto Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff
amadeo@wagesdue.com