**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIA ORTIZ,

    Plaintiff,

v.

REAL TIME STAFFING SERVICES, LLC     CASE NO.: 8:18-cv-00726-VMC-TGW

    Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND TO DISMISS CASE WITH PREJUDICE**

Plaintiff, Maria Ortiz ("Plaintiff") and Defendant, Real Time Staffing Services, LLC ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, jointly move the Court to approve the FLSA settlement reached by the Parties and dismiss this case with prejudice. As grounds, the Parties jointly state:

1. On March 27, 2018, Plaintiff filed a two-count Complaint, seeking redress for alleged violations under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA") and for violation of Florida common law on unpaid wage violation. (Dkt. 1).

2. Defendant denies Plaintiff's allegations that Plaintiff worked and was not paid overtime and wages during her employment with Defendant. Defendant contends that it fully complied with the FLSA.

3. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a settlement of this matter. A copy of the executed agreement is attached as

**Exhibit A**.

   4. Plaintiff will receive a wage payment of $550.00 to resolve her disputed unpaid overtime claim. This equates to approximately half the value of Plaintiff's alleged claim, which Defendant disputes. In addition, Plaintiff will receive an equal amount of $550.00 as liquidated damages. Defendant maintains that it demonstrated good faith and has evidence to support a good faith defense. Plaintiff's attorney will receive $2,645 for attorneys' fees and litigation costs (e.g., a $400 filing fee plus the cost of service of process) as part of the compromise of Plaintiff's claim.

   5. The parties seek approval of this joint motion and dismissal with prejudice. The parties certify that this matter was fully resolved pursuant to a reasonable compromise between the parties of a *bona fide* dispute over FLSA provisions, which was negotiated at "arms' length" and with the advice of counsel, and that the attorneys' fees and costs to be paid to Plaintiff's counsel under the settlement were negotiated separately from the amounts to be paid to Plaintiff as wages and liquidated damages.

## MEMORANDUM OF LAW

**I. BACKGROUND**

   Plaintiff previously was employed by Defendant. During the time at issue in this lawsuit, February 12, 2017, through December 6, 2017, Plaintiff worked as a Machine Operator. Plaintiff alleges she performed work during her lunch break, and prior to and after her scheduled shift, for which she was not paid. Defendant denies that Plaintiff performed such work and contends that it paid Plaintiff for all hours she worked. Defendant maintains

that it kept accurate records of the hours worked by Plaintiff. The Parties separately negotiated a reasonable attorney's fee for Plaintiff's counsel.

## II. LEGAL FRAMEWORK

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)  the existence of fraud or collusion behind the settlement;
(2)  the complexity, expense, and likely duration of the litigation;
(3)  the stage of the proceeding and the amount of discovery completed;
(4)  the probability of plaintiff's success on the merits;
(5)  the range of possible recovery; and
(6)  the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

### III. ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLEMENT

Plaintiff acknowledges that the settlement amount represents a compromise to resolve her FLSA claims for all unpaid wages, and for a reasonable attorney's fees and costs.

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against her former employer, which was adversarial in nature. Courts have found no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006). Here each Party was independently represented by experienced counsel and the settlement was negotiated between counsel in consultation with the Parties. Plaintiff agrees she is being

fairly compensated for hotly disputed claims. The undersigned counsel represent to the Court that there was no fraud or collusion in the adversarial negotiation which resulted in the instant compromise.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. This settlement, therefore, is a reasonable means for all parties to minimize future risks and litigation costs.

The Parties agree that they have been able to properly evaluate the claims and Plaintiff has at all times been represented by counsel. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Counsel for Plaintiff and for Defendant believe the settlement to be fair and reasonable.

## IV.   THE PROPOSED ATTORNEY'S FEES AND COSTS ARE REASONABLE

As part of the Parties' settlement, Plaintiff's attorneys' fees and costs were at all times negotiated separately from the amounts claimed by Plaintiff for her underlying claims and are not a function of any percentage of recovery of Plaintiff's wages and liquidated damages. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the

Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

In the instant action, Defendant's payment of $2,645.00 (of which $400.00 represents a filing fee), for Plaintiffs' attorney's fees and costs, provides for the resolution of all attorneys' fees and costs owed to Plaintiff's counsel, and is not on its face unreasonable. The Parties agreed on the amount of fees and costs to be paid to Plaintiff's counsel separately and after agreeing on the amounts to be paid to Plaintiff. Based upon the foregoing, the payment to Plaintiff's Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise of same.

## V. CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice.

DATE: May 21, 2018

| | |
|---|---|
| By: */s/ Cynthia Gonzalez* | By: */s/ Kevin D. Zwetsch* |
| Cynthia Gonzalez, Esq. | Kevin D. Zwetsch, Esq. |
| Florida Bar No. 53052 | Florida Bar No. 962260 |
| Luis Roberto Amado | |
| Florida Bar No. 565865 | |
| **Cynthia Gonzales, PA** | **OGLETREE, DEAKINS, NASH** |
| 4023 North Armenia Ave., Suite 240 | **SMOAK & STEWART, P.C.** |
| Tampa, Florida 33607 | 100 N. Tampa Street, Ste. 3600 |
| Telephone: 813.333.1322 | Tampa, Florida 33602 |
| Fax: 866.593.6771 | Tel: 813-289-1247 |
| Email: cynthia@wagesdue.com | Fax: 813-289-6530 |
| amadeo@wagesdue.com | E-mail: kevin.zwetsch@odnss.com |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 21, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

                                        */s/ Kevin D. Zwetsch*
                                        Kevin D. Zwetsch

34046511.1